

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-20-00304-CV

———————————————

**MARY SUE KLEIN, INDIVIDUALLY AND AS TRUSTEE OF THE MARY SUE GST EXEMPT TRUST, AND JANA BETH JOHNSON, INDIVIDUALLY AND AS TRUSTEE OF THE JANA BETH GST EXEMPT TRUST, APPELLANTS**

V.

**JENNIFER KAY KLEIN, AS TRUSTEE OF THE JENNIFER GST EXEMPT TRUST, APPELLEE**

On Appeal from the 353rd District Court
Travis County, Texas
Trial Court No. D-1-GN-20-001392; Honorable Maya Guerra Gamble, Presiding

November 15, 2021

## ORDER REINSTATING APPEAL

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellants, Mary Sue Klein, individually and as trustee of the Mary Sue GST Exempt Trust, and Jana Beth Johnson, individually and as trustee of the Jana Beth GST Exempt Trust, appeal from the trial court's *Order Denying Defendants' Motion to Dismiss for Lack of Condition Precedent, Alternative Motion to Compel Contractual ADR Process*

(*Including Arbitration*) *and Plea in Abatement.*[1] This interlocutory appeal was filed in October 2020. The following month, the parties submitted a *Joint Motion to Abate Appeal Pending Mediation*. We granted the motion and suspended all appellate deadlines, including the pending deadline to file Appellants' brief, to allow the parties to participate in mediation. We have subsequently extended the abatement three times pursuant to the requests of the parties.

In July 2021, the parties notified the court that they had participated in mediation and settled the case. The parties requested, however, an additional three months "to draft and execute various documents as part of the settlement agreement and to effect certain confidential transactions regarding the subject matter of the litigation." We granted the request and extended the abatement to November 8, 2021.

On November 8, 2021, the parties filed a fourth mediation status report. The report provides that a dispute has arisen relating to the settlement agreement and a motion to enforce the settlement agreement is pending in the trial court. The parties ask for an extension until February 2022.

Having abated this appeal for almost a year, we deny the parties' request to extend the abatement any further. Accordingly, the appeal is reinstated and Appellants' brief is due on December 20, 2021. Appellants' failure to file a brief by this deadline will result in dismissal of the appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a)(1), 42.3(b).

It is so ordered.

Per Curiam

---

[1] Originally appealed to the Third Court of Appeals this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013).